### CALCULAGRAPH CO. v. AUTOMATIC TIME STAMP CO.

(Circuit Court, S. D. New York. October 23, 1906.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

An application to a Circuit Court for a preliminary injunction to restrain infringement of a patent will not be granted, where it has been adjudged by a Circuit Court of Appeals of another circuit, after full consideration and upon substantially the same record, that defendant's device does not infringe. If the record on such application contains important new matter, the court will exercise its own judgment on the whole record.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 481–488.

Grounds for denial of preliminary injunction in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

In Equity. On motion for preliminary injunction.

Edwin J. Prindle, for the motion.
Emery & Booth, opposed.

LACOMBE, Circuit Judge. The alleged infringing machine is identical with the one which was the subject of controversy in the First circuit. The practice in this circuit is well settled by numerous decisions, many of which are not reported, since it is not usual here to write more than a brief memorandum on denial of motions for preliminary injunction. When a patent has been carefully discussed by a Court of Appeals in some other circuit upon a full presentation of the state of the art, the construction of the patent adopted by the appellate court is accepted by the circuit judge upon application for a preliminary injunction as a correct exposition. It is not the function of the Circuit Court to review the decision of the Circuit Court of Ap-

peals upon substantially the same record. Sometimes the record on the later application contains important matter, not before the appellate court. Prior patents, prior publications, prior public uses not at first presented may challenge attention. In such a case the new matter is considered, and if the Circuit Court reaches the conclusion that such new matter would, if presented in the earlier case, have probably induced a different conclusion by the appellate court which heard it, the Circuit Court will exercise its own judgment upon the whole record. But there is no such new evidence presented here. There is only a further elaboration by the patentee, or by experts, of the evolution of the invention by the patentee.

Under these circumstances, application for an injunction preliminary to final hearing should be denied, since the Court of Appeals in the First Circuit held that the very machine now sought to be enjoined did not infringe.